Appellee, Diane I. Wyper, has filed a motion to dismiss the appeal filed by appellant, Don A. Wyper, in this post-divorce case. Diane further requests that in the event this court does not dismiss the appeal, that Don be required to post a supersedeas bond. Don has filed a memorandum in opposition to the motion to dismiss and Diane has filed a reply. The court finds the motion to dismiss not well-taken.
The parties were divorced in January 1998 and a settlement agreement which covered, inter alia, the terms of the agreed upon property division was incorporated into the judgment entry for divorce. Shortly thereafter, on February 10, 1998, Diane filed a post-divorce motion to show cause why Don should not be held in contempt for failure to abide by the property division terms as well as for failure to abide by other portions of the divorce decree. The motion also asked that Don be ordered to pay for Diane's attorney fees incurred in bringing the post-divorce proceedings.
Don responded to Diane's motion with a memorandum in opposition. He also filed a motion to show cause why Diane should not be held in contempt for failure to allow visitation and companionship with the parties' children, for failure to execute certain documents concerning the property division, and for Diane's harassing of Don. Don also requested attorney fees.
Diane filed a motion for summary judgment on the issues raised in her motion to show cause. Don responded and a hearing before a magistrate was held. The magistrate found that all issues raised in Diane's motion to show cause were resolved by agreement of the parties with the exception of two issues; whether full payment of the property settlement had been accomplished and the award of attorney fees. After consideration of the evidence presented at the hearing, the magistrate denied Diane's motion for summary judgment on her show cause motion.
Don then filed a motion for summary judgment on his motion to show cause, and Diane renewed her motion for summary judgment on her motion to show cause, supporting it with additional evidence.
On May 28, 1999, the magistrate found that Don had not paid in full the property settlement amount, that Don's motion for summary judgment should be denied, that Diane's motion for summary judgment should be granted, and that Diane should be awarded $138,614.34, effective April 13, 1998, to be paid by Don in full satisfaction of the property settlement agreement, and that Don should be ordered to pay attorney fees in the amount of $9,005 for Diane's attorney fees incurred in bringing the post-divorce proceedings. The magistrate further stated that the matter is "set for further hearing * * * on all remaining issues before the court."
Don filed objections to the magistrate's decision, the trial court judge considered and denied the objections, and on November 18, 1999, entered judgment in accord with the magistrate's recommendation. On November 19, 1999, Don filed his notice of appeal.
Diane, now the appellee, filed the present motion to dismiss this appeal stating that the November 19, 1999 order is not final and appealable. In this motion, appellee states that the proceedings in the trial court "have not yet been concluded and that further proceedings are scheduled for hearing before the trial court magistrate." From this statement, appellee concludes that the order being appealed is not final and appealable. Appellee cites no statutes, rules or cases in support of this contention.
Don, now the appellant, filed a memorandum in opposition to the motion to dismiss in which he states that "there are no issues pending in the Trial Court which relate to Appellee's motion [to show cause] filed on February 10, 1999 [sic should be 1998]." Appellant contends that all issues raised in that motion have been resolved by either the court's decision or the parties' agreement, and therefore, the order is final and appealable as to the motion to show cause filed by appellee on February 10, 1998.
Appellee responded by stating that this court:
 "should focus on the language of the underlying Order, which specifically states that an additional hearing will be held to address all other issues raised in each pending motion. * * * It does not matter which party has outstanding issues for resolution, because `a final decree is one which determines the whole case and reserves nothing for future determination.' See, Stackhouse v. Stackhouse [(Nov. 8, 1996)], Montgomery App. No. 15710, * * * unreported."
The Stackhouse case concerns an appeal from a judgment entry of divorce which did not dispose of all the issues in a divorce action, namely, pension rights and attorney fees. Thus, it is not applicable to the present controversy which involves a judgment from a post-divorce motion to show cause.
In the present case, the issue is whether an order which disposes of all the issues raised in one post-divorce motion but does not dispose of all issues raised in another simultaneously pending post-divorce motion, must contain a Civ.R. 54(B)[1]
certification that there is no just reason for delay to be a final appealable order. Simply stated, does each post-divorce motion stand alone as a separate "action" so that an order which disposes of all issues in that motion is a final order? Our research has not uncovered any cases which address this issue. Our analysis begins with R.C. 2505.02, Ohio's final appealable order statute, which defines a final order as, inter alia:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" (Emphasis added.)
We find that each post-divorce motion stands alone as a separate action. To hold otherwise would create a procedural quagmire in the area of "final appealable order" law where there is presently more than enough confusion.
Finding that the entire "action" before the trial court, i.e., the February 10, 1998 motion to show cause filed by appellee, was disposed of in the November 18, 1999 entry of the trial court judge, we conclude that the order "affects a substantial right in an action that in effect determines the action and prevents a judgment" pursuant to R.C. 2505.02 and that no Civ.R. 54(B) certification is required since each post divorce motion is an action in and of itself and the entire action has been resolved. Accordingly, the motion to dismiss is not well-taken and denied.
Appellee has also filed a motion requesting that this court order appellant to post a supersedeas bond. A stay of execution of the judgment against appellant was entered in the court, but no supersedeas bond was ordered.
Pursuant to App.R. 7, upon the motion of a party, this court can order appellant to post a supersedeas bond where a stay has been granted by the trial court, but no bond was ordered. App.R. 7 states, in pertinent part:
 "(A) Application for a stay of the judgment or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, must ordinarily be made in the first instance in the trial court. A motion for such relief * * * during the pendency of an appeal may be made to the court of appeals or to a judge thereof, but, * * * the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has, by journal entry, denied an application, or failed to afford the relief which the applicant requested. * * * The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant and as are reasonably available at the time the motion is filed. * * *.
 "(B) Relief available in the court of appeals under this rule may be conditioned upon the filing of a bond or other appropriate security in the trial court. * * *." (Emphasis added.)
Accordingly, we find that an appellate court has the jurisdiction to require that a supersedeas bond be posted, but that appellee's motion does not "also show the reasons for the relief requested and the facts relied upon" as required by App.R. 7. In the interest of justice, this matter is continued to allow appellee until February 29, 2000 to file a memorandum in support of the motion to require a supersedeas bond. Appellant may file a memorandum in response within ten days of the date on which appellee files her memorandum.
It is so ordered.
MELVIN L. RESNICK, J.
RICHARD W. KNEPPER, P.J. AND MARK L. PIETRYKOWSKI, J., CONCUR.
[1] .Civ.R. 54(B) states: "Judgment Upon Multiple Claims orInvolving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."